Charles Grossman v. Commissioner.
Grossman v. Commissioner
Docket No. 38369.
United States Tax Court
T.C. Memo 1954-137; 1954 Tax Ct. Memo LEXIS 107; 13 T.C.M. (CCH) 830; T.C.M. (RIA) 54243; August 25, 1954, Filed *107 Charles Grossman, 1231 13th Street, Miami Beach, Fla., pro se. A. F. Barone, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion [Findings of Fact] RAUM, Judge: The Commissioner determined a deficiency in income tax for the year 1946, in the amount of $1,951.46, against petitioner, a resident of Florida who filed his income tax returns in question with the collector of internal revenue at Jacksonville, Florida. On June 6, 1945, a one-sixth interest in a partnership, known at times as "Ritz Hotel", was transferred by one Nat Teller to petitioner in exchange for $6,333.33. The partnership was engaged in the operation of a 100-room hotel located in Miami, Florida. Petitioner contends that he became entitled to only one-half of that one-sixth interest and that the other one-half belonged to his wife, that both he and his wife were partners to the extent of one-twelfth each, and that therefore only one-half of the distributive income allocable to the interest acquired from Teller was chargeable to him. Moreover, that one-sixth interest was sold during 1946, and a capital gain was realized; petitioner contends that only one-half of that gain may *108 be attributed to him. The Commissioner refused to recognize petitioner's wife as a partner, and the deficiency determined was based primarily upon that position. Petitioner contends that the attorney who prepared the papers relating to the acquisition of the one-sixth interest failed to follow instructions to show his wife as an equal purchaser, that his wife furnished half the consideration for the acquisition of that interest, and that the interest in question belonged in truth and in fact equally to both of them. Petitioner appeared pro se. He is not an attorney, and the evidence which he presented through his own testimony as well as through other witnesses interrogated by him was loose in character and was marked by a lack of incisiveness that might otherwise have been achieved with the aid of an experienced attorney. We mention this circumstance not because we think that one not a lawyer, who thus appears pro se, should be treated either more favorably or less favorably than one who is skillfully represented by counsel, but because the evidence at hand must be interpreted in the light of the informality with which it was presented. [Opinion] Although the evidence *109 was such that conflicting inferences could reasonably be drawn from it, we have, on the entire record, reached the conclusion that petitioner's wife did furnish about one-half the consideration used to acquire the one-sixth interest, that her name failed to appear in the document reflecting the purchase of that interest by reason of mistake, that she did render some assistance in the management of the hotel, at times interviewing applicants for jobs, and that she in fact had an interest in the enterprise equal to that of her husband. We sustain petitioner's position on this issue. Petitioner reported $5,604.91 as his one-twelfth share of the distributive income of the partnership. In determining the deficiency the Commissioner apparently redetermined the partnership net income, for he charged petitioner with $12,120.08 as his alleged one-sixth interest in such net income. Petitioner has not shown what the correct partnership income was for the year in question; accordingly, since the burden was upon him, we must conclude that his one-twelfth distributive share of that net income is equal to one-half of $12,120.08. The only other adjustment made by the Commissioner was in petitioner's *110 deduction for medical expense, and this adjustment was required by the Commissioner's action with respect to the partnership issue. In view of the conclusions that we have reached above, the adjustment as to the medical expense deduction must be revised. Decision will be entered under Rule 50.